FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 AUG 25 PM 3: 11
CLERK
S.O. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA, *ex rel.*
CHRISTIE SMITH,

    Plaintiffs,

v.

SERENITY HOSPICE CARE, LLC,

    Defendant.

Civil Action No. CV313-001

## PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF CONFIDENTIAL HEALTH AND LAW ENFORCEMENT INFORMATION

To facilitate the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, prohibit the unnecessary dissemination of sensitive law enforcement information, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1. **Production of Health Information That May Be Subject to the Privacy Act (5 U.S.C. § 552a); the HIPAA Privacy and Security Rule (45 C.F.R. Parts 160, 162, 164); 42 U.S.C. § 1306, or Other Privacy Protections.** Discovery requests and/or subpoenas duces tecum have been served or may be served in the future in the above-captioned litigation which may seek information and documents that contain certain individually identifiable health information (defined as health information that is connected to a patient's name, address, social security number or other identifying number, including HIC number). The information produced

may be subject to the provisions of the Privacy Act, the HIPAA Privacy and Security Rule, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the requested or subpoenaed person. All parties receiving these documents may use such documents only for purposes of the litigation, and may disclose them to nonparties in this litigation only as needed for the litigation, and only if the party secures from each nonparty an executed declaration in the form attached to this Order, stating that such person has read the Protective Order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court. All parties receiving these documents shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the party seeking to file such documents abide by Local Rule for the Southern District of Georgia 79.7, and move to file such documents under seal. If the party seeking to file such documents chooses not to file such document under seal in accordance with Local Rule for the Southern District of Georgia 79.7, the party shall ensure that all information that would identify the subject of the document or filing has been removed.

2.  **Designation of Material Subject to this Protective Order.** To designate "confidential health information" material covered by this Protective Order, the producing or sharing person shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION - SUBJECT TO PROTECTIVE ORDER." In addition, the United States may designate interview reports authored by agents of the Department of Justice or Department of Health and Human Services, Office of Inspector General, as "CONFIDENTIAL LAW ENFORCEMENT INFORMATION – SUBJECT TO

PROTECTIVE ORDER." The effect of such a designation is that defense counsel is prohibited from disseminating those documents beyond that necessary to the preparation of his client's defense.

3. **Confidential Health Information in Depositions.** Parties may show deponents designated confidential documents. However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information. Within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the parties, the parties may designate the entirety or any specified portion of the transcripts or exhibits thereto as confidential by letter to the opposing party. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL HEALTH INFORMATION - SUBJECT TO PROTECTIVE ORDER." Until such thirty (30) day period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential Material subject to protection against disclosure under this Order. After such thirty (30) day period expires, such transcripts, exhibits, or portions thereof designated as Confidential shall be treated as such under this Order. If no party timely designates confidential information in a deposition, such transcripts or exhibits shall not be subject to this Order, except for good cause shown by the designating party; if a timely designation is made, the confidential transcript, exhibits, or portions thereof shall be filed under seal separate from the portions and exhibits not so marked.

4. **Confidential Health Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be

3

determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, follow procedures outlined in Local Rule of Southern District of Georgia 79.7 if seeking to file such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, introduce summary evidence where practicable which may be more easily redacted, and assure that all social security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

5. **Filing of Documents.** All parties that desire to file such documents under seal will abide by Local Rule for the Southern District of Georgia 79.7, and move to file such documents under seal as outlined therein.

6. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

7. **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

8. **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

9. **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the

United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by any agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

10. **Disclosures to Congress.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity, provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

11. **Conclusion of Litigation.** Within ninety (90) days of the final conclusion of this litigation, whether by Court order, judgment, settlement, or otherwise, including the termination of any appeals, all parties receiving these documents shall undertake reasonable and prudent efforts to return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the producing party, or shall destroy them and certify in writing to the producing party that the documents have been destroyed. However, counsel for

the United States, to the extent required by statute or regulation and/or to permit Congressional oversight, may maintain copies of any Confidential Material in their master file for this case, and may maintain copies of any notes or summaries containing such Confidential Material in their master file for this case, provided that any copies of any Confidential Material or notes or summaries containing such Confidential Material are clearly stamped "Confidential" or affixed with another legend indicating that the materials are subject to this Protective Order. In addition, nothing herein shall require the return of attorney work product.

Respectfully submitted, this 21st day of August, 2014.

By: s/ Charles W. Mulaney
Attorney for the United States

By: s/ Jason Bring
Attorney for the Defendant

SO ORDERED this 25th day of August, 2014.

_____
UNITED STATES JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CHRISTIE SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> SERENITY HOSPICE CARE, LLC, <br><br> Defendant. | Civil Action No. CV313-001 |

## DECLARATION REGARDING CONFIDENTIAL HEALTH INFORMATION

Under penalty of perjury, the undersigned hereby states and agrees:

(1) Information, including documents and things, designated as "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER" as defined in the Protective Order Governing the Disclosure of Confidential Health Information entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

(2) I agree not to use any Confidential Health Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential

or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of the Protective Order and of its binding effect on them and me.

(3) I understand that I am to retain all documents or materials designated as or containing Confidential Health Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Health Information are to be returned to counsel who provided me with such documents and materials.

Printed Name: _____

Signature: _____

Date: _____