# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 AUG 28 PM 2:51

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA <br> ex rel. Christie Smith <br><br> Plaintiff, <br><br> v. <br><br> SERENITY HOSPICE CARE, LLC, <br><br> Defendant. | * * * * * * * * * * * * | CV 313-001 |

## O R D E R

The present qui tam action brought under the False Claims Act, 31 U.S.C. § 3729 et seq., arises from Defendant Serenity Hospice Care, LLC's ("Serenity") alleged submission of claims for payment to the Medicare Program for patients who were improperly certified or re-certified for hospice care. Before turning to the pending motions, a brief review of the procedural history of this case is warranted.

Relator Christie Smith filed a qui tam complaint under seal on January 8, 2013. On March 13, 2013, the United States filed a motion for a 180-day extension of time in which to notify the Court of its decision whether or not to intervene. By Order dated March 15, 2013, the Court granted the United States sixty days. On May 14, 2013, the United States filed a second motion for 180-day extension of time in which to notify the Court of its decision whether or not to intervene.

After conducting a hearing on the motion, the Court granted the requested extension on June 18, 2013. On November 8, 2013, the

United States filed a third motion for an extension of time in which to notify the Court of its decision whether or not to intervene. On November 12, 2013, the Court granted the requested extension of 90 days and ordered that there be **no more extensions**. The United States filed its notice of election to intervene in part in the case on February 10, 2014, and filed an **amended complaint** in intervention on April 17, 2014.

Presently pending before the Court are the following motions:

- Serenity's motion to dismiss (doc. no. 29)
- Serenity's motion for summary judgment (doc. no. 31)
- The United States' motion to continue or deny Serenity's motion for summary judgment (doc. no. 33)
- Serenity's motion to stay discovery (doc. no. 43)
- Serenity's motion for hearing (doc. no. 44)
- Serenity's emergency motion to quash the Government's subpoenas (doc. no. 46)
- The United States' motion for extension of local rule 16.3 deadline to file motions to amend and join parties (doc. no. 49)

On August 7, 2014, the Court held a hearing on the pending motions. As stated in the hearing, the Court issued, directed and thereupon **ORDERED** the following:

- The United States Attorney shall <u>supply</u> to the Court via electronic filing a **<u>list</u>** of each and every **interview, deposition, civil investigative demand, testimony,** or **statement** taken by any attorney, investigator, or

operative of the United States relating to this matter since its initiation on January 8, 2013. The filing shall be accessible by Serenity and shall be submitted before the **close of business** (5:00 p.m.) on **August 15, 2014.**

- Any other party in this action may <u>request</u> from the United States a **copy, iteration,** or **recording** of any interview, deposition, civil investigative demand testimony, statement, or summary of the such interview, deposition, civil investigative demand, or statement. Such request shall be made prior to the **close of business** (5:00 p.m.) on **August 22, 2014.**

- The United States shall <u>provide</u> such copy, iteration, or recording as requested by the **close of business** (5:00 p.m.) on **August 29, 2014.**

- The Court will allow the United States to take the depositions of Drs. Teresa Cezar, Pride Chapman, Odell Still, William Dennis Taylor, or Geoffrey Conner pursuant to the subpoenas to testify issued to them, subject to the following conditions:

    (a) The United States shall <u>submit</u> to the Court a **certification** signed by either Mr. Edgar Bueno or Mr. Charles Mulaney that he has spoken personally with the aforementioned doctor and arranged a **convenient date, time, and place** to take his or her deposition during the week of **September 15, 2014.**

The Court will quash any subpoena against the aforementioned doctors for the week of September 15 that does not conform to this directive.

(b) Either party may address the physician during deposition on cross-examination.

(c) The United States shall <u>conclude</u> the depositions of the aforementioned doctors by **September 19, 2014.**

(d) The United States shall <u>supply</u> a copy of the transcript of Dr. Chapman's prior deposition or civil investigative demand testimony by the **close of business** (5:00 p.m.) on **August 13, 2014.** Further, when deposing Dr. Chapman, the United States shall avoid all unnecessary duplication of the materials already covered during Dr. Chapman's prior deposition or civil investigative demand testimony.

(e) If the United States seeks to use the facilities at the J. Rowland Federal Courthouse in Dublin, Georgia, it shall first seek leave from and coordinate with the Courtroom Deputy Clerk for the presiding United States District Judge.

(f) The subpoenas issued to the aforementioned physicians for the production of documents, returnable on August 8, 2014, to the United States Attorney's Office in Savannah, Georgia, shall

remain unaltered.

- The United States shall deliver to the Court an appropriate disclosure detailing the **full extent** of the **efforts expended** by the litigation consultant in Massachusetts that the United States has retained for this litigation. The United States shall deliver this disclosure before the **close of business** (5:00 p.m.) on **August 15, 2014**.

- The Court shall **defer** ruling on Serenity's motion for summary judgment.[1] Each party is permitted to file an

---

[1] Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

Rule 56(d) is "infused with a spirit of liberality." Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 844 (11th Cir. 1989). "The party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997). A party seeking to use Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d at 843. However, out of an abundance of caution the Court concludes that the United States has satisfied its burden in pointing to outstanding discovery needed to adequately oppose Serenity's motion. See Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988). At the August 7 hearing, the United States represented that it had not deposed or interviewed five of the six physicians who offered declarations in support of Serenity's motion for summary judgment.

5

independent brief supplementing their initial briefs, if any. The parties shall file their briefs by the **close of business** (5:00 p.m.) on **October 17, 2014**.

- Oral argument on Serenity's motion for summary judgment will be subsequently scheduled at an appropriate time.
- The parties shall <u>submit</u> by affidavit, declaration, or recorded instrument relative to the purchase of assets, stock, or other **indicia of the ownership and control** of Special Hospice Care for You, Inc. ("Special Hospice"), if any. The submission shall also include a memorandum explaining the significance of such materials. The parties shall submit these materials by the **close of business** (5:00 p.m.) on **August 22, 2014**.

Further, a stay of discovery is inappropriate at this time. Generally, motions to stay discovery are disfavored. <u>Massey v. Fed. Nat'l Mortg. Ass'n</u>, 2012 WL 3685959, at *1 (S.D. Ga. Aug. 24, 2012). "While motions to stay discovery may be granted pursuant to [Federal Rule of Civil Procedure 26(c)], the moving party bears the burden of showing good cause and reasonableness." <u>Id.</u> (citing <u>Feldman v. Flood</u>, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). This showing often requires a "preliminary peek" at the merits of a motion to dismiss to determine whether it "appears to be clearly meritorious and truly

---

In addition, the United States did not address the topics raised by Serenity's motion in its interview with the remaining physician. Though the United States leaves much to be desired concerning the diligent litigation of this case, in the interests of justice it should be granted the relief it requested.

6

case dispositive." Id. (citing Feldman, 176 F.R.D. at 652-53). The case at bar has languished for a year and a half on the Court's docket, with more than a year of that time outside the purview of the public eye. Other courts have commented on the dangers of keeping qui tam actions under seal for protracted periods of time. See, e.g., United States ex rel. Costa v. Baker & Taylor, Inc., 955 F. Supp. 1188, 1189-90 (N.D. Cal. 1997). With those same dangers present in this case, I am disinclined to delay the progress of this case further. In addition, as mentioned during the August 7 hearing, the amended complaint's allegations raise enough concern to allow discovery to proceed. Accordingly, Serenity's motion to stay discovery (doc. no. 43) is **DENIED**.

The United States has also filed a "**Motion for Extension of Local Rule 16.3 Deadline to File Motions to Amend and Join Parties.**"[2] In this motion the United States indicates that it _may_ draft a proposed amended complaint, in which it _may_ add allegations and add Special Hospice, an entity affiliated with Serenity, as a second defendant.

It also states that it has retained a litigation consultant to review the medical records obtained from Serenity and Special Hospice to assist it in making a decision whether to file a motion for leave to amend its complaint. Simply, the United States does not believe that the current deadline to file a motion for leave to

---

[2] Local Rule 16.3 provides that all motions in civil cases wherein a party seeks to add or join another party under Federal Rules of Civil Procedure 19 through 22 or to amend the pleadings under Federal Rule of Civil Procedure 15 shall be filed within sixty (60) days after the issues are joined in the case by the filing of an answer.

7

amend offers it sufficient time to make a decision whether to add this other entity as a defendant or to add allegations that support its claims.[3]

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)). The United States' motion at this point in its investigation and in this litigation is troubling. The United States omits to acknowledge that it should attribute its lack of time to the sluggish pace of its conduct in this case. It has had ample time, approximately a year and a half since the Relator first filed her complaint, to investigate Serenity and the claims alleged. This is not a situation where an intervening party, diligently litigating a case, has proposed a specific amendment to the relator's initial complaint. The United States has already filed one amended complaint.

Federal Rule of Civil Procedure 15 governs the filing of amendments to pleadings. In this matter, the United States proposes to amend its already amended complaint through a peculiar artifice. The United States has filed a "Motion for Extension of Local Rule 16.3 Deadline to File Motions to Amend and Join Parties." Instead of filing a motion for leave to amend its complaint and attaching the proposed amendment, the United States, in essence, has filed a

---

[3] Pursuant to Local Rule 16.3, the deadline for the United States to file a motion for leave to file an amended complaint was August 18, 2014.

8

motion to *maybe* or *perhaps* amend its complaint. The uncertain nature of the **possible** amendment is exemplified in the exchange between the Court and the Assistant United States Attorney on August 7, 2014.

> MR. BUENO: This will not alter, Your Honor, substance of the False Claims Act allegations in our complaint. It's **just** to name another defendant. It will add, obviously, another defendant and the claims that are attributable to that entity, Special Hospice Care.
>
> Now, we are asking only for a very limited period of time - 30 days - to add Special Hospice and to amend the complaint. These are not the types of - - -
>
> THE COURT: But you have not drafted the new complaint yet?
>
> MR. BUENO: It's **being** drafted, Your Honor. We're prepared to file it.
>
> THE COURT: When?
>
> MR. BUENO: As soon as Your Honor - - -
>
> THE COURT: Well, **being drafted** using the gerund form means it's under consideration.
>
> MR. BUENO: Okay. I'm sorry. Let me be more precise. If the Court were to grant us the time period in which we ask - 30 days - it will be ready to file within 30 days because right now I can tell Your Honor that we are reviewing records from the Special Hospice Care location - - medical records.
>
> THE COURT: Well, you know the conventional way to present a motion for a leave to amend is to present the motion along with the proposed amendment. Have you heard of that in the past?

Tr. at 18(emphasis added)(draft transcript on file with presiding judge). Relying on the amended complaint filed by the United States on April 17, 2014, Serenity filed its motion to dismiss and motion for summary judgement. Conceivably, the United States' inchoate

amended complaint will attempt to answer some issues raised in those motions. Indeed, the filing of an amended complaint at this juncture will, according to the Assistant United States Attorney, name another defendant and add claims attributable to that entity, thereby materially altering the posture of this already intricate lawsuit. Accordingly, Serenity (and the Court) must, at best, wrestle with a continuously moving target. While the Court may enjoy no such protection, it should be observed that even a defendant in a qui tam action under the False Claims Act is entitled to a modicum of due process.

Early on, and specifically on November 12, 2013, the Court ordered that no more extensions of time would be granted. The instant motion for an extension of time to seek leave to amend the complaint or add additional parties is but a tautological expression of another request for an extension of time. Granting the instant motion of the United States would simply provide this case with another layer of delay and expense.

No doubt, the Court should freely give leave to allow amendments when justice so requires. In this instance, the ends of justice militate against the grant of the requested extension, which would simply allow the United States to continue to think about and possibly draft an amendment. Accordingly, the "Motion for an Extension of Time to Seek Leave to Amend the Complaint or Add Additional Parties" (doc. No. 49) is **DENIED**.

Based upon the foregoing and to the extent provided in this Order, the Court **DEFERS** its consideration of Serenity's motion to dismiss (doc. no. 29) and motion for summary judgment (doc. no. 31); the United States' motion to continue or deny Serenity's motion for summary judgment (doc. no. 33) is **GRANTED**; Serenity's motion to stay discovery (doc. no. 43) is **DENIED**; Serenity's motion to quash (doc. no. 46) is **DENIED**; and the United States' Motion for Extension of Local Rule 16.3 Deadline to File Motions to Amend and Join Parties (doc. no. 49) is **DENIED**. The Clerk is **DIRECTED** to **TERMINATE** Serenity's motion for hearing (doc. no. 44).

**ORDER ENTERED** at Augusta, Georgia, this 28th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE